**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ALAN MCCASKILL**                                                               **PLAINTIFF**

v.                                             **CASE NO. 2:12CV43-B-A**

**U.S. DEPARTMENT OF HOMELAND
SECURITY** *et al.*                                               **DEFENDANTS**

CONSOLIDATED WITH

**CHARLES RODEN AND LINDA RODEN**                        **PLAINTIFFS**

v.                                             **CASE NO. 2:12cv120-B-A**

**U.S. DEPARTMENT OF HOMELAND
SECURITY** *et al.*                                               **DEFENDANTS**

**CHRIS JENNINGS**                                                  **PLAINTIFF**

v.                                             **CASE NO. 2:12CV136-B-A**

**U.S. DEPARTMENT OF HOMELAND
SECURITY** *et al.*                                               **DEFENDANTS**

**WILLIAM A. SCARBOROUGH AND
BRANDILYN R. STRAHAN**                                          **PLAINTIFFS**

v.                                             **CASE NO. 2:12CV137-B-A**

**U.S. DEPARTMENT OF HOMELAND
SECURITY** *et al.*                                               **DEFENDANTS**

**BETTY BARRETT ROGERS**                                                                **PLAINTIFF**

**v.**                                                             **CASE NO. 2:12CV138-B-A**

**U.S. DEPARTMENT OF HOMELAND**
**SECURITY** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the court is the motion of Defendants U.S. Department of Homeland Security's Federal Emergency Management Agency ("FEMA"), Craig Fugate, FEMA Administrator, and James Sadler FEMA Director of Claims, for dismissal. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

### Relevant Factual and Procedural Background

The above-styled cases are currently consolidated. Each of the plaintiffs purchased a Standard Flood Insurance Policy ("SFIP") from their respective insurance companies to insure real property from flood damage near the Mississippi River in Bolivar County, Mississippi.[1] The nearest gauge to each of Plaintiff's property used to determine the Mississippi River flood stages is located in Arkansas City.

After flood damage to the area, FEMA issued a bulletin to insurance carriers participating in the "Write Your Own" ("WYO") carrier program containing a start date of the flood relevant

---

[1] The National Flood Insurance Act allows insurance companies to issue SFIPs as a "Write Your Own" carrier through the National Flood Insurance Program ("NFIP"). Alan McCaskill acquired his policy from MetLife Auto & Home Insurance Agency, Charles and Linda Roden purchased a policy from Nationwide Mutual Fire Insurance Company, while Chris Jennings, William Scarborough, Brandilyn Strahan, and Betty Barrett Rogers obtained their policies through Metropolitan Property and Casualty Insurance Company. Plaintiffs have named the individual insurance companies as defendants in these actions.

for the community, and advised that the insurance companies would need to adjust the claims on an individual basis because information might indicate that the flood in progress exclusion should not apply to a claim. FEMA's bulletin indicated that the flooding in Bolivar County, Mississippi began on April 25, 2011. Plaintiffs sustained flood damage at dates ranging from May 5, 2011, to May 10, 2011. Plaintiffs allege that on April 25, 2011, the gauge in Arkansas City recorded a depth of 33.19 feet, which is almost four feet below flood stage.

Plaintiffs' respective insurance companies denied their claims under the SFIP stating that the flood was deemed to be in progress prior to Plaintiffs' policies' effective dates. Plaintiffs all appealed the decision to James Sadler, Director of Claims for the NFIP, who affirmed the companies' disallowance of Plaintiffs' claims.

Plaintiffs then filed the instant actions seeking a declaration from the court that FEMA's flood in progress date was selected in an arbitrary and capricious manner and is inaccurate. Plaintiffs further allege a claim against the insurance companies who issued the policies for bad faith in failing to pay the claim.

FEMA and its administrators have moved for dismissal pursuant to Rule 12(b)(1), dismissal pursuant to Rule 12(b)(6), or alternatively, for summary judgment.

**Standard of Review**

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the district court. Lack of subject matter jurisdiction may be found in "any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United*

*States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

## Discussion

A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). The federal government provides that when "the Administrator" adjusts, makes payment and disallows SFIP claims, policy holders may institute an action against the Administrator on such claim. *See* 42 U.S.C. § 4072. Courts in other districts have determined that "[t]his limited waiver applies 'exclusively to the situation where FEMA *directly* denies an application . . . ,'" as opposed to an insurance agency through the "Write Your Own" carrier program. *Bruno v. Paulison,*, No. RDB 08-0494, 2009 U.S. Dist. LEXIS 13910, at *15-16 (D. Md. Feb. 12, 2009) (quoting *Hower v. FEMA*, No. 04-2222, 2004 U.S. Dist. LEXIS 22486, at *4 (E.D. Pa. Oct. 20, 2004)); *see also Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998). When a WYO Company issues a SFIP, the company "shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance . . . under the Program, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d). Further, federal regulations provide:

> A WYO company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to

>their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g).

Plaintiffs' allegation that FEMA essentially denied the claims through its selection of a flood start date is too tenuous to constitute a waiver of sovereign immunity. The individual insurance companies were the entities that processed and disallowed Plaintiffs' claims. Moreover, FEMA's affirmance of the insurance companies' denials did not waive its immunity, as it did not provide the policy or actually disallow the claim. *See Bruno*, 2009 U.S. Dist. LEXIS 13910, at *19. The statutory waiver does not apply to the facts of this case, thus Plaintiffs do not assert a proper basis of jurisdiction over the federal defendants.

Because the court determines that FEMA did not waive its sovereign immunity, it need not address Defendants' remaining arguments for dismissal.

## Conclusion

For the foregoing reasons, the court finds that FEMA's motion to dismiss should be and the same is hereby granted. A separate order in accord with this opinion will issue this day.

This, the 27th day of September, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**